

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO BERMUDEZ, <br> OFELIA BERMUDEZ <br> GERARDO BERMUDEZ <br> FAUSTINO BERMUDEZ <br>        Plaintiff, | § <br> <br> <br> <br> § <br> § | |
| vs. | § <br> § <br> § | CIVIL ACTION NO. B-04-115 |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, <br>        Defendant. | § <br> <br> § | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Armando Bermudez, Ofelia Bermudez, Gerardo Bermudez, Faustino Bermudez, hereinafter called Plaintiffs, complaining of and about the United States of America, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Armando Bermudez, is a citizen of the United States and the State of Texas and resides in Cameron County, Texas.

2. Plaintiff Ofelia Bermudez, is a citizen of the United States and the State of Texas and resides in Cameron County, Texas.

3. Plaintiff Gerardo Bermudez, is a citizen of the United States and the State of Texas and resides in Cameron County, Texas.

4. Plaintiff Faustino Bermudez, is a citizen of the United States and the State of Texas

and resides in Cameron County, Texas.

5.     Defendant, United States of America, may be served by delivering a copy of the summons and of the complaint by registered or certified mail to the "Civil Process Clerk" for United States Attorney for the Southern District of Texas at P.O. Box 61129, Houston, Texas 77208, and by also serving a copy of the summons and complaint by registered or certified mail to the United States Attorney General, Department of Justice, at 10th and Constitutional Avenue, N.W., Room B-324, Washington, D.C. 20530.

## JURISDICTION

6.     This Court has jurisdiction pursuant to the Federal Tort Claim Act, 28 U.S.C., 1346(b), 2671-2680.

## NATURE OF ACTION

7.     This is an action under the Federal Tort Claims Act regarding a claim for injuries and damages sustained as a result of a motor vehicle accident.

## CONDITIONS PRECEDENT

8.     Plaintiffs timely presented this claim in writing to the U.S. Department of Transportation. This suit is filed after the expiration of six months after filing of the claim.

## FACTS

9.     On or about July 9, 2002, Plaintiffs Faustino Bermudez was operating a motor vehicle traveling southbound on Avenue F, Harlingen, Cameron County, Texas, in which the remaining Plaintiffs were passengers.

10.    Mr. Pedro Martinez, III was operating a 2002 Dodge Stratus traveling southbound on Avenue F, Harlingen, Texas when he side swiped the vehicle in which Plaintiffs were traveling.

11. The 2002 Dodge Stratus is owned by the United States Government and used by Pedro Martinez, III while in the course and scope of his employment with the U.S. Department of Transportation.

12. Pedro Martinez, III was negligent in the operation of the vehicle in that he:

a. Failed to maintain such a lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

b. Failed to make a proper turn signal;

c. Operated the vehicle without due regard to the rights of others;

d. Failed to apply the brakes to the vehicle in order to avoid the collision in question;

e. Failed to yield the right of way to Plaintiffs and;

f. Changed lanes when unsafe.

## COUNT I – FEDERAL TORT CLAIMS ACT

13. The acts and omissions of Mr. Martinez constitute Defendant's negligence. Specifically, Mr. Martinez was an employee or agent of the United States of America and was acting within the course and scope of his office or employment and had a duty to exercise ordinary care to operate the government vehicle reasonably and prudently. Among other things, Mr. Martinez's changing lanes in an unsafe manner was a contributing cause of the occurrence at issue.

14. Under the laws of the State of Texas, a private person would be liable to Plaintiffs for these acts and omissions. In accordance with 28 U.S.C. § 1346(b), the United States is liable to Plaintiffs for their damages for the personal injuries, economic injuries and property damages described below.

## DAMAGES

15. As a proximate and producing cause of the conduct of Defendant, Plaintiffs have suffered injuries and damages. Plaintiffs are seeking monetary damages from Defendant to compensate them for the following elements of damages:

    (a) Past and future medical expenses;

    (b) Past and future physical pain and suffering; and

    (c) Past and future mental anguish

16. In addition, Plaintiff Faustino Bermudez has suffered property damage for the cost to repair his vehicle.

## JURY DEMAND

17. Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

Villa and White, LLP

By: _____
Morris E. "Trey" White III
Texas Bar No. 24003162
630 Broadway
San Antonio, Texas 78215
Tel. (210)225-4500
Fax. (210)212-4649
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiffs' First Amended Complaint and Jury Demand was mailed to Rene Benavides, Assistant U.S. Attorney, United States Attorney, Southern District of Texas, 1701 W. Highway 83, Suite, 600, McAllen, Texas 78501, on this the 13th day of January, 2005.

_____
Morris E. "Trey" White III