United States District C[ourt]
Southern District of T[exas]
FILED

JAN 2 0 2005

Michael N. M[ilby]
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO BERMUDEZ | § | |
| FAUSTINO BERMUDEZ | § | |
| GERARDO BERMUDEZ, and | § | |
| OFELIA BERMUDEZ | § | |
|     Plaintiffs, | § | |
| | § | |
| v | § | CIVIL ACTION No. B-04 - 115 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, Defendant herein, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, files this answer to Plaintiffs' Complaint and respectfully shows unto the Court as follows:

### PARTIES AND SERVICE

    1.    Defendant lacks sufficient information and/or knowledge from which it can form a response.

    2.    Defendant lacks sufficient information and/or knowledge from which it can form a response.

    3.    Defendant lacks sufficient information and/or knowledge from which it can form a response.

    4.    Defendant lacks sufficient information and/or knowledge from which it can form a response.

5. Admit.

6. Admit.

## JURISDICTION

7. Admit that common law tort claims fall under the Federal Tort Claims Act. 28 U.S.C. §§ 2672, *et seq.*

## NATURE OF ACTION

8. Admit.

## CONDITIONS PRECEDENT

9. Admit.

## FACTS

10. Deny the allegations contained in the first sentence of paragraph ten (10), but admit that Pedro Martinez III operated a vehicle owned by the U.S. Government while performing his official duties as Defendant's employee. Admit that an officer for the Harlington Police Department investigated the accident in question and determined that Mr. Martinez changed lanes in an unsafe manner causing the two vehicles to collide. Deny sentence three (3) of paragraph 10. The allegations in this sentence contain legal argument and conjecture rather than a recitation of facts; therefore, no response is required. To the extent a response is required, the Defendant denies that Plaintiffs claim in sentence 3 that they suffered physical injury as a result of the collision. All other allegations contained in this sentence are denied.

**NEGLIGENCE BY UNITED STATES DEPARTMENT OF TRANSPORTATION**

Admit that Plaintiff Faustino Bermudez suffered property damage to his vehicle. Admit that the defendant received notification of property damage in June 2004. Deny that any of the Plaintiffs

suffered personal injury as a result of the collision.

## DAMAGES

12.  This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

13.  This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

It is affirmatively alleged that Plaintiffs' petition fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, it is affirmatively alleged that the injuries and/or property damages alleged in the petition were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

### THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, Defendant alleges that the damages allegedly suffered by the Plaintiffs were caused by Plaintiffs own negligence, acts and/or omissions.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, Defendant alleges that Plaintiffs' injuries and/or property damages, if any, are the result of the contributory negligence of the Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the Plaintiffs have not suffered the alleged damages claimed by the Plaintiffs in their petition.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the Plaintiffs' recovery, if any, in this action is limited to the amount stated in the administrative claim pursuant to 28 U.S.C. §2675(b).

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, Plaintiffs are not entitled to attorney's fees against the United States pursuant to 28 U.S.C. §2678 which provides no attorney shall charge for services rendered, fees in excess of 25% of any judgment or settlement made in this FTCA case.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, Plaintiffs are not entitled to pre-judgment interest under the Federal Tort Claims Act. See 28 U.S.C. 2674.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Plaintiffs take nothing by their suit, that the suit be dismissed with prejudice, and that the Defendant have such other and further relief to which it may be entitled.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

RENE BENAVIDES
Assistant United States Attorney
1701 W. Highway 83 #600
McAllen, TX 78550
(956) 618-8010/FAX (956) 618-8016
State Bar No. 24025248
Federal I.D. No. 26215

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the Defendant's Answer to Plaintiffs' Complaint was delivered to Plaintiffs' counsel, Morris E. "Trey" White III, 630 Broadway, San Antonio, Texas 78215 on January 14, 2005.

RENE BENAVIDES
Assistant United States Attorney

5