**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ARMANDO BERMUDEZ** § | | |
| **FAUSTINO BERMUDEZ** § | | |
| **GERARDO BERMUDEZ, and** § | | |
| **OFELIA BERMUDEZ** § | | |
|     **Plaintiffs,** § | | |
| § | | |
| v § | **CIVIL ACTION No. B-04 - 115** | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
|     **Defendant.** § | | |

**REPORT OF MEETING AND PROPOSED**
**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Counsel for Defendant conferred with counsel for Plaintiff, during which the matters addressed in Rule 26(f) were discussed. The conference took place during the week of March 8, 2005.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiffs' contentions:
   Plaintiffs contend that on or about July 9, 2002, the vehicle which they were in and driven by Plaintiff, Faustino Bermudez, was side swiped by a United States Government Vehicle operated by Pedro Martinez III. Pedro Martinez III was within the course and scope of his employment with the U.S. Department of Transportation. Plaintiffs further contend Pedro Martinez III was negligent and proximately caused Plaintiffs' injuries and damages which include: past and future medical expenses; past and future physical pain and suffering; and past and future mental anguish. In addition Plaintiffs contend they suffered property damage.

   Moreover, Plaintiffs contend the United States of America is liable for the negligence of Pedro Martinez III. under the Federal Tort Claims Act.

   Defendants' contentions:

        Defendant denies negligence and denies the accident proximately caused injury to the Plaintiffs. Further, Defendant contends Plaintiffs' recovery, if any, is limited to the amount stated in the administrative claim pursuant to 28 U.S.C. section 2675(b). Further, Plaintiffs are not entitled to recover attorney's fees pursuant to 28 U.S.C. section 2678. In addition, Defendant contends Plaintiffs are not entitled to recover prejudgment interest under the FTCA 28 U.S.C. section 2674.

4.    Specify the allegation of federal jurisdiction.
      Plaintiff alleges jurisdiction under 28 U.S.C. section 1346 (b), 2671 - 2680.

5.    Name the parties who disagree and the reasons.
      None

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      None

7.    List anticipated interventions.

      None.

8.    Describe class-action issues.

      None.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      The parties anticipate that the disclosures required by Rule 26 will be made within 30 days after the initial pretrial conference.

10.   Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

         A plan for completion of discovery has been devised, as set out below.

    B.    When and to whom the plaintiff anticipates it may send interrogatories.

         Plaintiffs anticipate sending to Defendants, if necessary, within two months after a scheduling order is entered.

    C.    When and to whom the defendant anticipates it may send interrogatories.

        Defendant anticipates sending interrogatories to Plaintiffs, if necessary, within three months after a scheduling order is entered.

    D.    Of whom and by when the plaintiff anticipates taking oral depositions.

        Plaintiffs anticipates taking the deposition of Pedro Martinez III and other representatives of Defendant within four months after the entry of a scheduling order in this case, and of experts designated by Defendant as specified below.

    E.    Of whom and by when the defendant anticipates taking oral depositions.

        Defendant anticipates taking the deposition of Plaintiffs within five months after the entry of a scheduling order in this case, and of experts designated by Plaintiffs as specified below.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        Plaintiffs anticipate designating experts, if any, within five months, and will provide any reports at the time of designation. Defendant anticipates designating experts, if any, within six months, and will provide any reports at the time of designation.

    G.    List expert depositions the plaintiffs anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Plaintiffs anticipate taking the deposition of all persons designated as experts by Defendant within 60 days after they have been designated.

    H.    List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Defendant anticipates taking the deposition of all persons designated as experts by Plaintiffs within 60 days after they have been designated.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    The parties are in agreement regarding discovery as set forth herein.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13.    State the date the planned discovery can reasonably be completed.

        Discovery should be completed within 9 months.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    None were discussed at this time.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Nothing was agreed upon at this time.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Mediation may be suitable.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not have any objections to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Yes

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate that it will take approximately 16 hours to present all the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other pending motions.

    None

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any

amendments.

Defendant has filed its notice.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Counsel for Plaintiffs:
Morris E. "Trey" White III
Texas Bar No. 24003162
Michael J. Villa
Texas Bar No. 00788819
630 Broadway
San Antonio, Texas 78215
(210) 225 - 4500
(210) 212 - 4649

Counsel for Defendants:

Rene Carlo Benavides
Assistant United States Attorney
U.S. Attorney's Office, Southern Dist. of Texas
1701 W. Hwy. 83, Suite 600
McAllen, Texas  78501
(956) 618-8010
(956) 618-8016 (fax)
Texas Bar No.24025248
Southern Dist. No. 26215

Respectfully submitted

/s/ Rene Carlo Benavides

Rene Carlo Benavides
Assistant United States Attorney
U.S. Attorney's Office, Southern Dist. of Texas
1701 W. Hwy. 83, Suite 600

McAllen, Texas  78501
(956) 618-8010     (956) 618-8016 (fax)
Texas Bar No.24025248
Southern Dist. No.26215


/s/ Rene Carlo Benavides by permission
Morris E. "Trey" White III
Texas Bar No. 24003162
Rene Carlo Benavides
Texas Bar No.24025248
Southern Dist. No.26215
630 Broadway
San Antonio, Texas 78215
(210) 225 - 4500
(210) 212 - 4649


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPORT OF MEETING AND PROPOSED JOINT DISCOVERY/CASE MANAGEMENT PLAN was on the 11 day of March, 2005, sent by fax transmission and first class mail or email to the following:

Counsel for Plaintiffs:
Morris E. "Trey" White III
Texas Bar No. 24003162
630 Broadway
San Antonio, Texas 78215
(210) 225 - 4500
(210) 212 - 4649

/s/ Rene Carlo Benavides
Rene Carlo Benavides